UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-cr-00038-HAB-SLC |
| | ) | |
| **VALENTIN LARA HERNANDEZ** | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion requesting a Court order to allow Defendant Valentin Lara Hernandez, a pretrial detainee at the Huntington County Jail, to marry his fiancée, Emeli Balleza. (ECF 71). The Government filed a response objecting to the motion. (ECF 75). For the reasons stated below, the motion will be granted.

*A. Background*

Defendant's motion represents that he is incarcerated at the Huntington County Jail pending the resolution of the criminal charges filed against him in this case. (ECF 71). Defendant represents that he is engaged to be married to Ms. Balleza and requests that the Court enter an order allowing him to marry Ms. Balleza at the Huntington County Jail. (*Id.*)

The Government objects to the motion, arguing that allowing Defendant to marry before the conclusion of his federal case would create the possible application of a testimonial privilege on basis of marriage. (ECF 75 at 1-2 (citing *United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992))). The Government does not object to the marriage ceremony happening at some point, just not before the conclusion of this case. (*Id.* at 1).

*B. Analysis*

"Pre-trial detainees have at least those rights enjoyed by convicted inmates." *Russell v. Richards*, 384 F.3d 444, 447 n.1 (7th Cir. 2004) (citing *Riggins v. Nevada*, 504 U.S. 127, 135

(1992)). "To assess the constitutionality of the conditions or restrictions of pretrial detention, a court must determine whether the conditions amount to punishment." *United States v. Norris*, No. 1:07-CR-77, 2007 WL 4335459, at *1 (N.D. Ind. Dec. 7, 2007) (citing *Bd. v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005)). "[C]onditions of confinement which are reasonably related to a legitimate and non-punitive government goal, are not unconstitutional . . . ." *Farnham*, 394 F.3d at 477 (citation and internal quotation marks omitted). "A court must be particularly deferential to policies and practices aimed at maintaining the safety and security of jails and penitentiaries." *Norris*, 2007 WL 4335459, at *1 (citation omitted).

"Marriage is of course an important fundamental right." *United States v. Rodriguez*, No. 1:06-CR-60-TS, 2007 WL 9701408, at *2 (N.D. Ind. Dec. 20, 2007) (citing *Loving v. Virginia*, 388 U.S. 1, 12 (1967)). Convicted inmates and pretrial detainees both enjoy that right. *Turner v. Safley*, 482 U.S. 78, 96 (1987). The Supreme Court has provided the following standard in determining the constitutionality of regulations that prohibit inmates from marrying: "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89; *Rodriguez*, 2007 WL 9701408, at *2.

In past cases, this Court has addressed the same issues raised by the parties here. *See, e.g.*, *United States v. Min*, No. 1:22-cr-00017-HAB-SLC, 2022 WL 4092996 (N.D. Ind. Sept. 7, 2022); *Rodriguez*, 2007 WL 9701408; *Norris*, 2007 WL 4335459. The Court noted in those cases that the defendants would be allowed to marry if they "were charged with a crime but not detained while awaiting trial. Just as the Government could not interfere with the marriage in those circumstances, the Government cannot interfere with the marriage in the actual circumstances of this case." *Min*, 2022 WL 4092996, at *3 (citing *Rodriguez*, 2007 WL

9701408, at *3; *Norris*, 2007 WL 4335459, at *3).[1]

Nor is it enough that the Government asserts that it is merely requesting the Court delay the timing of the marriage ceremony, as opposed to preventing it altogether. "Forcing the Defendant to delay the marriage burdens the right to marry." *Min*, 2022 WL 4092996, at *3 (citing *Rodriguez*, 2007 WL 9701408, at *3; *Norris*, 2007 WL 4335459, at *3). The Government may only burden this right if doing so relates to a legitimate penological interest, specifically, the safety, security, and efficient management of the jail. *Turner*, 482 U.S. at 89; *Farnham*, 394 F.3d at 477. The Government has not established that preventing or delaying Defendant's marriage would accomplish these goals. The Government's speculation that Defendant's request to marry will result in a "witness invoking the adverse spousal testimonial privilege is not enough. Accordingly, the Court must grant the motion." *Min*, 2022 WL 4092996, at *3 (citing *Rodriguez*, 2007 WL 9701408, at *3; *Norris*, 2007 WL 4335459, at *3).

## C. Conclusion

For the reasons discussed above, the Court GRANTS Defendant's motion. (ECF 71). The Court REQUESTS that the United States Marshals Service, the Clerk of the Huntington County Circuit Court, and the Huntington County Jail cooperate in effectuating this request in accordance with their rules, procedures, and practices.

SO ORDERED.

Entered this 14th day of September 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] The Government does not suggest that the Court should alter the test it has applied to these motions, requiring the Government to show only "a legitimate and non-punitive governmental goal," rather than a penological interest. *See United States v. Bowen*, No. 14-00346-01-CR-W-DGK, 2015 WL 1893416, at *10 (W.D. Mo. Apr. 24, 2015); *see also United States v. Heard*, No. 17-cr-00083, 2018 WL 9439686, at *2 (N.D. Iowa Feb. 20, 2018).